**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0785n.06

No. 07-5693

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Dec 14, 2009**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| EFREM WARD, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| _____ | ) | |

**Before: KENNEDY, MOORE, and WHITE, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Efrem Ward appeals the district court's

denial of his motion to withdraw his guilty plea, raising ineffective assistance of counsel grounds,

and further argues that his sentence of 105 months of imprisonment and three years of supervised

release is unreasonable. For the reasons that follow, we **AFFIRM** the district court's judgment.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

A federal grand jury indicted Ward for a violation of 18 U.S.C. § 922(g) after police officers

approaching a house to execute an arrest warrant observed Ward in the front seat of a parked car with

the handle of a handgun in plain view. The magistrate judge appointed counsel at Ward's initial

appearance on November 21, 2005. After Ward successfully moved to suppress his statements to

the police, the district court set a jury trial for June 6, 2006. On the morning of trial, Ward requested

to change his plea; the district court thereupon held a hearing and accepted Ward's guilty plea, without a written plea agreement. Sentencing was subsequently set for September 8.

Within the presence of his counsel, Randolph Alden, Ward made two statements on June 21 accepting responsibility, the first to prepare his Presentence Investigation Report with the Probation Department, and the second for a proffer agreement with law-enforcement officers. Sometime between the Change of Plea hearing and mid-July 2006, Ward began to contact Alden about possibly changing his plea. Then on September 7, 2006, the day before the scheduled sentencing, Ward filed a pro se Motion to Relieve Counsel and to Appoint New Counsel for Prejudicial Ineffectiveness, in which he requested to withdraw his guilty plea in favor of "a conditional plea to attack the illegal seizure and search in movants cause." R.47. Ward voluntarily withdrew this motion during a hearing on October 4; sentencing was reset for October 31 and then continued to November 9. On November 9, Ward orally requested to "rescind [his] signature on [his] guilty plea," R.65 at 9, and the court granted a continuance for him to discuss this with his counsel. At the next hearing on December 20, the court granted Ward's request that Alden withdraw as counsel and set a January hearing date concerning Ward's oral request to withdraw his guilty plea.

The district court appointed Juni Ganguli to represent Ward at the beginning of January 2007 and continued the plea hearing to February 23. Ward filed his formal Motion to Withdraw Guilty Plea on February 21. After granting continuances to both sides, the court orally denied Ward's motion at a hearing on April 23, 2007. In May 2007, the district court sentenced Ward to 105 months of imprisonment and three years of supervised release, a sentence within the Guidelines range of 84 to 105 months.

## II. ANALYSIS

### A. District Court's Denial of Ward's Motion to Withdraw Guilty Plea

This court reviews for abuse of discretion the denial of a motion to withdraw a guilty plea, with the burden on the defendant to prove that withdrawal should have been granted. *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007). A district court abuses its discretion when it "relies on clearly erroneous findings of fact, improperly applies the law or uses an erroneous legal standard . . . [or] commit[s] a clear error of judgment in the conclusion it reache[s] upon a weighing of the relevant factors." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) (internal citations and quotation omitted). Federal Rule of Criminal Procedure 11(d)(2)(B) allows a defendant to withdraw a plea prior to sentencing for "a fair and just reason"—"[t]he purpose of Rule 11(d) is to allow a 'hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *Dixon*, 479 F.3d at 436 (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)). "[A] motion to withdraw a guilty plea cannot be used as a means to achieve a better bargaining position for later plea negotiations." *United States v. Pluta*, 144 F.3d 968, 974 (6th Cir.), *cert. denied*, 525 U.S. 916 (1998). This court reviews a number of nonexclusive factors under Rule 11(d)'s standard:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *abrogated on other grounds by statute as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000); *Dixon*, 479 F.3d at 436.  Each factor's relevance "var[ies] according to the 'circumstances surrounding the original entrance of the plea as well as the motion to withdraw.'" *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008) (quoting *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir.1987)).

Ward argues that the district court should have granted his request to withdraw his plea under the *Bashara* analysis because his confusion, due to a communication breakdown with original counsel, made the plea not knowing and voluntary and led to the filing delay.  Ward has conceded that, under the third factor, he did not maintain or assert his innocence after entering his guilty plea, and a review of the remaining factors does not support his argument.  First, even assuming that it would be proper to utilize Ward's September 7, 2006, pro se filing (93 days) as the district court's first notice of his intention to withdraw his plea rather than his actual filing date, February 21, 2007 (260 days), or the date his first counsel was allowed to resign so that Ward could pursue a motion for plea withdrawal if he desired, December 20, 2006 (197 days), this court has determined that shorter delays may support a district court's decision to deny a withdrawal motion.  *See Dixon*, 479 F.3d at 436 (listing cases and noting that court has upheld denials in reliance on delays as short as thirty-five days between entry of plea and motion to withdraw); *United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004) (holding "unjustified 75-day delay, alone, supported the court's denial").  Second, Ward did not present a valid reason for the delay.  The district court did not commit clear error in crediting the explanation that Ward's prior counsel provided during his withdrawal-hearing testimony—that Ward and his counsel continued to discuss the merits of Ward having pleaded guilty—rather than Ward's protestations that he could not remedy his counsel's inaction because

4

Ward was in custody. Ward had extensive experience with pleading in state courts, and none of his earlier filings, including his pro se filings, focused on a desire to withdraw his guilty plea.

Ward's arguments with respect to the fourth factor, that his guilty plea was not knowing, intelligent, or voluntary, because he was unable to communicate effectively with counsel and appreciate the potential sentence, are unconvincing. During the Change of Plea hearing, Ward answered in the affirmative to questions asking if he had ample opportunity to confer with his attorney, if he was satisfied with his attorney, and if he understood the potential sentence and various aspects of sentencing. Ward also clearly denied having been promised any particular sentence or having been threatened or forced into pleading. *See Brady v. United States*, 397 U.S. 742, 756 (1970) ("A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended . . . the likely penalties attached to alternative courses of action."); *United States v. Stephens*, 906 F.2d 251, 253 (6th Cir. 1990) ("[T]he mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a 'fair and just' reason to allow withdrawal of a plea agreement.").

Ward's nature and background and prior experience in the criminal justice system, the fifth and sixth factors, also do not weigh in his favor. The district court did not abuse its discretion in finding Ward "manipulative," "intelligent," "a perjurer," and able to understand what is said to him and how the judicial process works. There is no indication in the record that Ward was unable to understand the implication of the plea proceedings, especially in light of his multiple contacts with the state criminal-justice system and the fact that his adult criminal record indicated that he had entered at least thirteen guilty pleas in the eight years prior to this case. *See Dixon*, 479 F.3d at 437 (finding prior experience factor weighed against defendant who "has *a* prior state conviction and is

familiar with the criminal justice system" (emphasis added)); *United States v. Durham*, 178 F.3d 796, 799 (6th Cir.) (finding prior experience "due to his conviction for bank robbery"), *cert. denied*, 528 U.S. 1033 (1999); *see also United States v. Davis*, 331 F. App'x 356, 362 (6th Cir. 2009) (unpublished) (finding defendant was not "a stranger to the proceedings" given his numerous convictions and that his argument about stricter federal versus state sentences was unconvincing).

Thus, we conclude that the district court did not abuse its discretion in finding that none of the *Bashara* factors weigh in Ward's favor, and there was no need to consider the seventh factor, potential prejudice to the government. *Ellis*, 470 F.3d at 285-86; *see also Bashara*, 27 F.3d at 1181 (upholding denial with similar allegations and facts). We uphold the district court's ruling denying Ward's motion to withdraw his guilty plea.

**B. Reasonableness of Ward's Sentence**

This court reviews sentencing decisions for both procedural and substantive "reasonableness" and abuse of discretion, *Gall v. United States*, 552 U.S. 38, 46, 49-51 (2007), and has chosen to afford a rebuttable presumption of reasonableness to a properly calculated, within-Guidelines sentence, *United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir.) (en banc), *cert. denied*, 129 S. Ct. 68 (2008). A district court must first calculate the advisory Guidelines range and then, guided by the 18 U.S.C. § 3553(a) factors, consider the parties' arguments regarding particular sentences—"the district court cannot simply rely on the advisory Guidelines range, but rather 'must make an individualized assessment based on the facts presented.'" *United States v. Moon*, 513 F.3d 527, 538 (6th Cir.) (quoting *Gall*, 552 U.S. at 50), *cert. denied*, 128 S. Ct. 2493 (2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on

6

clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. Substantive errors include "where the district court 'selects the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.'" *Moon*, 513 F.3d at 543 (quoting *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006)). This court's review for substantive reasonableness must "take into account the totality of the circumstances" and "give due deference to the district court's decision," recognizing that "[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case" based on his or her "access to, and greater familiarity with, the individual case and the individual defendant" and the "institutional advantage over appellate courts in making these sorts of determinations [frequently]." *Gall*, 552 U.S. at 50-53 (internal quotations omitted). Both the briefing and oral argument focused on substantive reasonableness, and we conclude that the sentence is both procedurally and substantively reasonable.

Contrary to Ward's argument, the district court adequately explained its reasoning and did not impose a greater than necessary sentence in addressing Ward's criminal history, finding that Ward did not accept responsibility, or evaluating Ward's likelihood of recidivism and the need for deterrence in light of the mitigating factors presented. This court "do[es] not have authority to vacate and remand each time we determine that a district court has not weighed the sentencing considerations just as we might have done." *United States v. Hughes*, 283 F. App'x 345, 352 (6th Cir. 2008) (citing *Gall*, 552 U.S. at 51). "The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances. Sometimes a judicial opinion

7

responds to every argument; sometimes it does not . . . ." *Rita v. United States*, 551 U.S. 338, 356 (2007).

The district court did not give improper weight and consideration to Ward's likelihood of recidivism and need for deterrence because, based on Ward's lengthy and increasingly violent criminal record, "the district court could fairly conclude that the need for public protection and the risk of recidivism were great while the immediate prospects for rehabilitation were not promising." *Vonner*, 516 F.3d at 390; *see also United States v. Jones*, 489 F.3d 243, 252-53 (6th Cir. 2007) (upholding district court's assessment of defendant's history and threats of violence as counterbalancing mitigating factors and justifying within- rather than below-Guidelines sentence). The record shows that the district court did consider Ward's mitigation arguments, and he has "fail[ed] to identify any relevant factor that the district court neglected to consider." *United States v. Crowell*, 493 F.3d 744, 751 (6th Cir. 2007), *cert. denied*, 128 S. Ct. 880 (2008). The record also shows that the district court did not commit clear error or abuse its discretion in finding that Ward did not accept responsibility, as he continued to raise meritless arguments for withdrawing his plea even at his sentencing hearing.

The record shows the district court considered the totality of the circumstances, and Ward's arguments do not overcome the presumption of reasonableness. Having considered Ward's arguments, we conclude that Ward's sentence complies with the reasonableness requirements established by the Supreme Court and this court.

**III. CONCLUSION**

We hold that the district court did not abuse its discretion in denying Ward's motion to withdraw his guilty plea. Ward has also failed to demonstrate that his sentence was either procedurally or substantively unreasonable under governing law. Therefore, we **AFFIRM** the district court's judgment.