**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1019
_____

UNITED STATES OF AMERICA

v.

WILLIAM I. SCHWARTZ, JR.,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. 2:06-cr-00382-005)
District Judge: Honorable William H. Walls

_____

Submitted Pursuant to LAR 34.1(a)
November 18, 2010

Before: BARRY, CHAGARES, VANASKIE, <u>Circuit Judges</u>

(Filed December 14, 2010)
_____

OPINION OF THE COURT
_____

VANASKIE, Circuit Judge.

Appellant William I. Schwartz, Jr. pleaded guilty to misprision of a felony in violation of 18 U.S.C. § 4. Over a year and one-half later, he moved to withdraw his plea. Following an evidentiary hearing, the District Court denied Schwartz's motion. On appeal, Schwartz argues that the District Court erred in denying his motion. Because we find no error, we will affirm.

I.

As we write only for the parties, who are familiar with the factual context and the procedural history of the case, we will set forth only those facts necessary to our analysis. On May 17, 2006, a federal grand jury returned a thirteen-count Indictment, eight of which were brought against Schwartz. The Indictment stemmed from a scheme to defraud the United States and the Department of Defense ("DoD") undertaken by employees of Parmatic Filter Corporation, a manufacturer of air, oil, and water filters used commercially and militarily. Schwartz was an Assembly Foreman at Parmatic. In 1996 and 1997, the DoD awarded Parmatic two contracts worth more than $6 million. Parmatic, in a cost saving effort, and against DoD guidelines, produced defective filters and passed them on as authentic, functioning filters. In 2002, federal agents executed a search warrant of Parmatic's headquarters, and discovered documents in Schwartz's work station indicating that he was aware of, and participated in, the defective filter scheme.

On August 13, 2007, in accordance with a written plea agreement, Schwartz pleaded guilty to misprision of a felony pursuant to a one-count Superseding Information.

2

Nineteen months later, and prior to sentencing, Schwartz, with new counsel, filed a motion to withdraw his plea.

The District Court held hearings on July 7, 2009, and August 19, 2009. At the conclusion of the hearings, the District Court issued an oral decision, denying the motion to withdraw the guilty plea. On December 17, 2009, the District Court sentenced Schwartz to three years' probation and ordered him to pay restitution in the amount of $180,900. Judgment was entered on December 21, 2009. Schwartz filed a notice of appeal that same day. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

The determination of a motion to withdraw a guilty plea is committed to the sound discretion of the district judge, and we will reverse only for an abuse of that discretion. See United States v. Martinez, 785 F.2d 111, 114 (3d Cir. 1986). The district court must ascertain whether there is a "fair and just" reason for withdrawing a plea of guilty. United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003) (citation omitted). Three factors guide judicial consideration of a request to withdraw a guilty plea: (1) whether the defendant asserts innocence; (2) the strength of the reasons for withdrawing the plea; and (3) prejudice to the government by the withdrawal. United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001); United States v. Huff, 873 F.2d 709, 711 (3d Cir. 1989). "The burden of demonstrating a 'fair and just' reason falls on the defendant, and that burden is substantial." Jones, 336 F.3d at 252 (citing United States v. Hyde, 520 U.S. 670, 676-77

3

(1997); United States v. Isaac, 141 F.3d 477, 485 (3d Cir. 1998)). "'A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty.'" Brown, 250 F.3d at 815 (quoting United States v. Jones, 979 F.2d 317, 318 (3d Cir. 1992), superseded by statute on other grounds as stated in United States v. Roberson, 194 F.3d 408, 417 (3d Cir. 1999)).

Schwartz argues on appeal that he offered a fair and just reason for withdrawing his plea. Specifically, he maintains that he consistently asserted his innocence, the factual basis for the guilty plea was insufficient, he was pressured by his family into pleading guilty, and that the District Court "leaped to its conclusion" that the "passing of time" prejudiced the government. (Appellant's Br. at 10-11.)

Schwartz first argues that the District Court "ignored the evidence of Schwartz's persistent claim of innocence." (Id. at 13.) According to Schwartz, he "asserted his innocence from the time he was initially charged, up until moments before he entered his plea." (Id.) Further, he alleges that after he pleaded guilty, he told Attorney Strazza, his trial counsel, that he wanted to withdraw his plea. No action, however, was taken for more than a year and a half.

The government counters that the court carefully considered the evidence which demonstrated that Schwartz was guilty and his plea was entered into freely and voluntarily. During the plea colloquy, Schwartz admitted: that he knew Parmatic had engaged in a scheme to submit fraudulent air, oil, and water filters to the DoD; that he

4

failed to report the offense to the DoD or other authorities; that he personally created or assisted in creating fraudulent sample filters; and that he concealed documents relating to the fraudulent filters. [1]  (See A. 305-10.)  Furthermore, Schwartz admitted in his Rule 11 guilty plea form that he knew his employer committed a felony that he failed to report, and that he concealed the fact that a felony was being committed.  (S.A. 14.)

"Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).  The District Court did not err in finding that Schwartz did not rebut the "presumption of verity" accorded to his admissions made during the plea colloquy.  In this regard, other than bald assertions that he did not engage in acts of concealment of the fraud, Schwartz presented no evidence that would contradict the fact that the government would have been able to show that there were documents maintained by Schwartz at his workstation that revealed the fraud and were not kept by Schwartz in the ordinary course of his responsibilities.  Accordingly, Schwartz's "bald assertion" of innocence is insufficient, and this factor weighs against withdrawal of the guilty plea.[2]  Jones, 336 F.3d at 252.

---

[1] The four elements of misprision, 18 U.S.C. § 4, are: (1) the principal committed and completed the alleged felony; (2) the defendant had full knowledge of that fact; (3) the defendant failed to notify authorities; and (4) the defendant took steps to conceal the crime.  United States v. Gebbie, 294 F.3d 540, 544 (3d Cir. 2002) (citation omitted).  The plea colloquy established an adequate factual premise for each element.

[2] It bears observation that Schwartz's admission that he participated in the creation of sixteen fraudulent sample filters likely sufficed to establish his guilt to the conspiracy and substantive fraud charges asserted against him in the Indictment.  Schwartz's counsel believed that a guilty verdict on the charges of the Indictment would have exposed

Under the second factor, Schwartz asserts that a compelling reason for seeking to withdraw his guilty plea is the absence of a sufficient factual basis for the concealment element of the misprision charge. This contention is based upon Schwartz's post hoc recantation of the admissions he made during the plea colloquy. For the reasons set forth above, Schwartz simply cannot show that the District Court failed to assure that Schwartz acknowledged the existence of a factual basis for each element of the crime charged.

As the government points out, the "record flatly contradicts Schwartz's contention that he 'never knew that Parmatic had committed any fraud in producing filters, let alone took any steps to conceal any information or illegal conduct.'" (Appellee's Br. at 23) (quoting Appellant's Br. at 15.) The District Court and Schwartz participated in the following exchange:

| Court: | And beginning sometime around July 2001, were you aware that Parmatic managers and employee [sic] created a scheme to substitute substituted and fraudulent sample filters to the Department of Defense? |
|---|---|
| Schwartz: | Yes, your Honor. |
| Court: | And sometime around July 2001, did you create or assist in the creation of approximately 16 filters? |
| Schwartz: | Yes, your Honor. |
| Court: | And after knowing that Parmatic had fraudulently created and submitted these substituted and fraudulent sample filters to the Department of Defense, did you report that information to any judge or police officer or federal law enforcement officer or any United States Department of Defense representative or official or anyone else in civilian authority? |
| Schwartz: | No, I did not, your Honor. |

---

Schwartz to a prison term of more than ten years. (S.A. 39.) Thus, Schwartz realized a substantial benefit from his plea agreement.

| | |
|---|---|
| Court: | After these 16 substitute sample filters were created and submitted to the Department of Defense, did you hide documents and records pertaining to those 16 filters from the Department of Defense?  That is to say, <u>did you conceal these documents from the Department of Defense</u>? |
| Schwartz: | <u>Yes, your Honor</u>. |
| Court: | Did you do what I just discussed with you of your own free will, voluntarily, knowingly, and willfully? |
| Schwartz: | Yes, your Honor. |

(A. 307-09) (emphasis added).  The District Court did not err in finding that there was an adequate factual basis for Schwartz's guilty plea.

Nor did the District Court err in finding unpersuasive Schwartz's claim that his plea was coerced due to family pressure.  Schwartz testified that "my wife told me that if I was found guilty and went to jail, she wouldn't be there when I got out."  (A. 182.)  As the District Court noted, and contrary to Schwartz's assertion, "at no time during [Mrs. Schwartz's] testimony did she say that" she "threatened to leave him if he went to jail."  (A. 267.)  Regardless, family pressure to plead guilty provides an insufficient basis for granting leave to withdraw a plea of guilty.  See United States v. Pellerito, 878 F.2d 1535, 1541 (1st Cir. 1989) (noting that although family pressure may be "probative of an accused's <u>motivation</u> for pleading guilty, it does not necessarily show coercion, duress, or involuntariness") (emphasis in original); Wojtowicz v. United States, 550 F.2d 786, 792 (2d Cir. 1977) (rejecting undue coercion claim based on appellant's assertion that he pleaded guilty because he was afraid that his male paramour would not wait for him if he went to trial); United States ex rel. Brown v. LaVallee, 424 F.2d 457, 461 (2d Cir. 1970)

7

(concluding that statements from defendant's lawyers and mother to plead guilty were not coercive, but rather "sound advice").

Finally, under the third factor, Schwartz argues that, although the District Court stated that the passing of time prejudiced the government, it "made no particular findings that material witnesses are unavailable now or that relevant discovery has been lost or destroyed." (Appellant's Br. at 16.) The government counters that it represented to the court that the case was essentially closed, "given that all but one of Schwartz's co-defendants—John Parkinson—had pleaded guilty and that 'there's no chance' of [Parkinson] going to trial." (Appellee's Br. at 30) (quoting A. 261.) Parkinson was ill, and the government represented to the court that there was a potential issue concerning his competency. The court found that these circumstances, coupled with the obvious fact that, after nineteen months, "the availability and the memory of witnesses becomes more difficult to retrieve[,]" sufficed to show prejudice to the government. (A. 271.) We cannot say that the District Court erred in making this finding. In any event, when defendants, like Schwartz, are unable to support claims of actual innocence or present adequate reasons for withdrawal of their guilty pleas, the government is not required to show prejudice. See United States v. Wilson, 429 F.3d 455, 460 n.5 (3d Cir. 2005).

In short, all three factors weigh against Schwartz's request to withdraw his guilty plea. Therefore, Schwartz has failed to meet his substantial burden, and the District Court did not abuse its discretion by denying Schwartz's motion for leave to withdraw his plea of guilty.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.